**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CAMELLIA O.,

                              Plaintiff,

         v.                                                    1:19-CV-1153
                                                                  (DJS)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

CAMELLIA O.
Plaintiff, _Pro Se_
Rensselaer, NY 12144

U.S. SOCIAL SECURITY ADMIN.              AMY C. BLAND, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

### <u>MEMORANDUM-DECISION AND ORDER[1]</u>

      Currently before the Court, in this Social Security action filed by _pro se_ Plaintiff

Camellia O. against the Commissioner of Social Security, are Plaintiff's Motion for

Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  _See_ Dkt. No. 3 & General Order 18.

Nos. 11 & 17.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision denying Plaintiff disability benefits is reversed, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born in 1996, making her 22 years old at the time of the ALJ's decision.  Dkt. No. 9, Admin. Tr. ("Tr.") at pp. 393-394.  Plaintiff is a high school graduate, who received special education assistance from tenth to twelfth grade due to emotional difficulties.  Tr. at p. 717.  She subsequently attended college.  Tr. at pp. 142, 202, 717.  At the time of her application for benefits, Plaintiff had never been employed. Tr. at pp. 520, 572.  The record shows that she later held part-time positions as a peer counselor and a retail associate, but the length of time that she worked at these positions is unclear.  Tr. at pp. 100, 112.  In her application for benefits, Plaintiff alleged disability based upon bipolar disorder, anxiety, major depressive disorder, and thyroid issues.  Tr. at p. 520.

### B.  Procedural History

Plaintiff applied for child's insurance benefits[2] on July 21, 2016.  Tr. at pp. 9, 394-397, 519-530.  She alleged a disability onset date of August 4, 2014.  Tr. at p. 520.

---

[2] Social Security Administration regulations provide for the payment of disabled child's insurance benefits if the claimant is 18 years old or older and has a disability that began before attaining age 22.  20 C.F.R. § 404.350(a)(5). Plaintiff was born on August 4, 1996, meaning that she was 22 years old on August 4, 2018.  Tr. at p. 394.

Plaintiff's application was initially denied on October 24, 2016, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 339-354, 363.  On November 20, 2016, Plaintiff waived her right to appear at a hearing and sought a determination based on the administrative record, because she was concerned that the stress of testifying would aggravate her anxiety and lead to a severe panic attack.  Tr. at pp. 364-366.  On September 25, 2018, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 6-22.  On July 16, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

## C.  The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff had not attained age 22 as of the alleged onset date of August 4, 2014.  Tr. at p. 11.  He then found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  *Id*.  Next, the ALJ found that Plaintiff had the following severe impairments prior to attaining age 22: asthma and obesity.  Tr. at pp. 11-15.  The ALJ found that Plaintiff's "various affective and anxiety disorders and post-traumatic stress disorder" caused no more than mild limitations in any functional areas, and thus concluded that none of Plaintiff's diagnosed mental impairments constituted a severe impairment.  Tr. at p. 15.  The ALJ next found that, prior to attaining age 22, Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R.

3

§ 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 15.  The ALJ then found that Plaintiff's residual functional capacity ("RFC") prior to attaining age 22 allowed her to perform light work, except that she should avoid concentrated exposure to respiratory irritants.  Tr. at pp. 15-17.  The ALJ next found that Plaintiff had no past relevant work. Tr. at p. 17.  Relying upon the Medical-Vocational Rules as a framework, and taking into account Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform prior to attaining age 22.  Tr. at p. 17.  The ALJ, therefore, concluded that Plaintiff had not been under a disability at any time prior to attaining age 22.  Tr. at pp. 17-18.

### D.  The Parties' Positions

Plaintiff makes four arguments in support of reversal.  First, she argues that the ALJ improperly decided the case upon an incomplete record, because the record did not include 112 pages of treatment notes from Plaintiff's treating psychologist, Dr. Patricia Fernandez.  Dkt. No. 11, Pl.'s Mem. of Law at p. 2.  Second, Plaintiff argues that the Appeals Council erred by not considering updated medical records provided by Plaintiff on appeal that included Dr. Fernandez's treatment notes.  *Id*.  Third, Plaintiff argues that the failure of the ALJ and the Appeals Council to consider these additional records resulted in a disability determination that was not supported by substantial evidence.  *Id*. Finally, Plaintiff argues that the need for a complete medical record was especially important in this case, where the claimant was unable to attend an in-person hearing.  *Id*.

4

Defendant counters that the Appeals Council appropriately considered the purportedly new evidence when denying review and argues that the ALJ properly evaluated the record evidence and made a disability determination that is supported by substantial evidence. *See generally* Dkt. No. 17, Def.'s Mem. of Law.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

5

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A.  Remand is Required Due to the Appeals Council's Failure to Consider New and Material Evidence

As the Second Circuit has held in *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996):

> When the Appeals Council grants review, the decision of the Appeals Council is the final decision of the Secretary.  See 20 C.F.R. §§ 404.981, 416.1481.  However, if the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision.  See §§ 404.981, 416.1481.  The final decision of the Secretary is subject to judicial review. 42 U.S.C. § 405(g).

In cases such as this one, where the Appeals Council has denied review of the ALJ's decision, "it is well-settled that '[t]he role of the district court is to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision.'" *Kirah D. v. Berryhill*, 2019 WL 587459, at *4 (N.D.N.Y. Feb. 13, 2019) (citing, *inter alia*, *Allborty v. Comm'r of Soc. Sec.*, 2016 WL 770261, at *8 (N.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 796071 (N.D.N.Y. Feb. 22, 2016)).

"Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Lesterhuis v. Colvin*, 805 F.3d 83, 86 (2d Cir. 2015) (quoting 20 C.F.R. § 404.970(b)). "The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Stratton*, 51 F. Supp. 3d at 218 (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id*. (quoting *Pollard v. Halter*, 377 F.3d at 193) (alteration in original).

8

20 C.F.R. § 404.976(b)(1) provides that the "Appeals Council will consider. . . any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision," which in this case was September 25, 2018.  Tr. at p. 18.  Such evidence must be both (1) relevant to the claimant's condition during the relevant period and (2) probative, and additionally must create "a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d at 193 (brackets and internal quotation marks omitted).

The ALJ issued his disability determination on September 25, 2018.  Tr. at p. 18.  On November 28, 2018, Plaintiff submitted a request for review to the Appeals Council. Tr. at pp. 24-27.  While this request was pending, the *pro se* Plaintiff submitted over 300 pages of medical records that she alleged had not been reviewed by the ALJ.  Tr. at pp. 30-338.   As Defendant correctly notes, the majority of this documentation was duplicative of material that was already part of the administrative record considered by the ALJ.[3]  Dkt. No. 12, at p. 7 n. 5.  However, Plaintiff also provided 112 pages of treatment notes from psychologist Patricia Fernandez, who had met regularly with Plaintiff since November 2014.  Tr. at pp. 2, 31-142.  Dr. Fernandez's notes had not been part of the record before the ALJ.

---

[3] The ALJ does not have to reference all of the records that he relied upon to reach his decision, because the Commissioner need not "reconcile explicitly every shred of medical testimony." *Galiotti v. Astrue*, 266 Fed. Appx. 66, 66 (2d Cir. 2008) (citing *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983)).

The Appeals Council denied Plaintiff's request for review on July 16, 2019.  Tr. at p. 1-5.  As part of its denial, the Appeals Council acknowledged receipt of Dr. Fernandez's treatment records as well as the other supplemental documents provided by Plaintiff, but found "this evidence does not show a reasonable probability that it would change the outcome of the decision."  Tr. at p. 2.

Although Plaintiff raises some broad policy questions about the role of the Appeals Council that are beyond the scope of this proceeding, Plaintiff also argues that the Appeals Council erred in finding that the supplemental evidence did not show a reasonable probability of changing the outcome of the ALJ's decision.  Dkt. No. 11, at p. 7.  This court agrees, solely with respect to Dr. Fernandez's treatment notes.

To begin with, Dr. Fernandez's notes cover the period between November 9, 2014 and November 18, 2014, and therefore most of the documents are relevant to the period before Plaintiff attained the age of 22.  Tr. at p. 2, 31-141.  There is also a reasonable probability that the longitudinal record of Plaintiff's treatment with Dr. Fernandez, a treating source,[4] would change the outcome of the ALJ's decision.  Over the course of their four-year treatment relationship, Plaintiff saw Dr. Fernandez as frequently as twice per week.  Tr. at p. 199.  During those sessions, Plaintiff discussed her difficulty sleeping, attempts at self-injury, anxiety, and depression.  Tr. at pp. 32,

---

[4]  The regulations define a treating physician as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] . . . with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

40, 42-45, 81, 86-87, 95, 99, 101.  She also discussed her attempts at managing these symptoms, some of which were successful.  Tr. at pp. 32, 34, 36, 38, 42.

In his decision, the ALJ described the available mental health records in some detail, including summaries of Plaintiff's mental health treatment plans and notes from Plaintiff's treating psychiatrist, who saw her approximately once per month.  Tr. at pp. 12-17, 743.  At step two, the ALJ found that the record established a history of mental health issues but concluded that there was a lack of documentation addressing the functional limitations imposed by Plaintiff's diagnosed bipolar disorder and anxiety.  Tr. at pp. 13-15.  This lack of documentation influenced the ALJ's assignment of "little weight" to the opinion of consultative psychiatric examiner Dr. Mena Stramenga, who opined that Plaintiff had "mild to moderate difficulties making appropriate decisions, moderate to marked difficulties relating adequately to others, and marked difficulties appropriately dealing with stress."  Tr. at pp. 13-14, 720.  Likewise, the absence of any significant mental functional limitations in the RFC impacted the ALJ's reliance on the Medical Vocational Guidelines to determine that there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  Tr. at p. 17.

Therefore, because there is a reasonable likelihood that review of Dr. Fernandez's treatment notes would change the ALJ's disability determination, the Court finds that remand is appropriate in order to allow the ALJ to consider this additional evidence.  *See Lesterhuis v. Colvin*, 805 F.3d at 88 (holding that the ALJ should determine what weight to afford medical evidence on remand); *Connell v. Comm'r of Soc. Sec.*, 2017

WL 213054, at *4-5 (N.D.N.Y. January 18, 2017) (remanding for evaluation of evidence where Appeals Council erred in determining that new evidence was insufficient to trigger review of the ALJ's decision).

### B. Remand is Required Due to the ALJ's Failure to Develop the Record for the *Pro Se* Claimant

As part of her September 2016 application for benefits, Plaintiff provided a list of her current treatment providers that included Dr. Fernandez.  Tr. at pp. 14, 524.  At the same time, Plaintiff advised the Commissioner that she had changed her legal name in June 2015.  Tr. at pp. 519, 604-605.  The record contains a request to Dr. Fernandez, dated September 21, 2016, seeking Plaintiff's treatment notes with reference to Plaintiff's current name and her Social Security number.[5]  Tr. at p. 722.  This document includes a handwritten notation, presumably a response from Dr. Fernandez's office, stating "This is not our patient."  *Id*.  The ALJ's decision also describes a request for Plaintiff to provide updated medical records, and an attempt to obtain "additional records from the claimant's treating sources," but it is unclear what additional attempts were made, if any, to re-contact Dr. Fernandez.  Tr. at p. 14.

An ALJ has an affirmative obligation to develop a claimant's complete and accurate medical record.  "[T]he Commissioner of Social Security. . . shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability."  42 U.S.C. §

---

[5] The court notes that the request for Plaintiff's educational records expressly advised that Plaintiff was also known by her former name.  Tr. at p. 403.  No such advisory appeared in the request to Dr. Fernandez.  Tr. at p. 720.

423(d)(5)(B); *see also Perez v. Chater*, 77 F.3d at 47 (2d Cir. 1996) (citation omitted) (noting that a "hearing on disability benefits is a non-adversarial proceeding," and as such, "the ALJ generally has an affirmative obligation to develop the administrative record").  An ALJ's failure to comply with this mandate is legal error.  *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016).  However, the ALJ's duty to develop the record is not unlimited and is discharged when the ALJ "possesses [the claimant's] complete medical history" and there are no "obvious gaps or inconsistencies" in the record.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation marks omitted).

The duty to develop the record is "heightened" when a claimant "waives his right to counsel and proceeds *pro se*."  *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (internal quotation marks omitted).  This is because the ALJ "must adequately protect" the rights of a *pro se* claimant.  *Id*.  The ALJ's heightened duty requires him to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982); *see also Morris v. Berryhill*, 721 Fed. Appx. 25, 27 (2d Cir. 2018) (summary order) ("When a disability benefits claimant appears *pro se*, the ALJ must 'ensur[e] that all of the relevant facts are sufficiently developed and considered.'") (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  On appeal, the district court must undertake a "searching investigation of the record" to ensure that the rights of *the pro se* claimant were protected.  *Cruz v. Sullivan*, 912 F.2d at 11.  Moreover, where a claimant is *pro se*

and alleging mental impairments, courts have concluded that the ALJ bears a "doubly heightened" duty to develop the record.  *Estrella o/b/o M.R.E. v. Berryhill*, 2017 WL 2693722, at *21 (S.D.N.Y. June 22, 2017) (citing *Corporan v. Comm'r of Soc. Sec.*, 2015 WL 321832, at *6 n.7 (S.D.N.Y. Jan. 23, 2015)).

In this case, the ALJ failed to meet his heightened obligation to develop the record on behalf of the *pro se* Plaintiff.  Plaintiff's other medical records reviewed by the ALJ repeatedly reference a lengthy treatment history with Dr. Fernandez, warranting a more rigorous follow-up when the psychologist's office erroneously indicated that Plaintiff was not a patient.  Tr. at pp. 14, 717, 722, 738, 742-743, 745, 752, 754, 760, 790, 803, 807, 812.  In particular, the ALJ never requested documents under Plaintiff's birth name from Dr. Fernandez, despite multiple mentions of Plaintiff's name change in the administrative record.  Tr. at pp. 393, 403, 432, 519, 790.

The ALJ's decision illustrates the potential impact that Dr. Fernandez's treatment notes may have on the ultimate determination of disability.  In finding that Plaintiff's mental impairments were not severe, the ALJ found that "[t]he record establishes reports of the claimant having a history of mental impairments and although she appeared to have a significant amount of mental health issues and treatment in the past, there simply is nothing of significance in the applicable period, since filing her application for benefits . . . . I am not convinced that the claimant has documentation supportive of more than mild limitations." Tr. at pp. 14-15.  Dr. Fernandez's treatment notes, which include regular weekly or biweekly discussions of Plaintiff's functioning in academic, family,

14

work, and social settings, are reasonably likely to fill in some of the documentation gaps described by the ALJ.

The ALJ also failed to sufficiently develop the record when he did not solicit a medical opinion from any of Plaintiff's treating sources, despite recognizing significant gaps in the administrative record. Tr. at p. 15. "The duty to develop the record goes hand in hand with the treating physician rule, which requires the ALJ to give special deference to the opinion of a claimant's treating physician."[6] *Leutung v. Comm'r of Soc. Sec.,* 2019 WL 1385847, at *4 (W.D.N.Y. March 27, 2019) (quoting *Batista v. Barnhart,* 326 F. Supp. 2d 345, 353-54 (E.D.N.Y. 2004)). "An ALJ cannot, of course, pay deference to the opinion of the claimant's treating physician if no such opinion is in the record.  Thus, consideration of the duty to develop the record, together with the treating physician rule, produces an obligation that encompasses the duty to obtain information from physicians who can provide opinions about the claimant." *Paredes v. Comm'r of Soc. Sec.,* 2017 WL 2210865, at *17 (S.D.N.Y. May 19, 2017) (internal quotation and citation omitted).  "[T]he duty to develop a full record and to assist a *pro se* plaintiff compels the ALJ to move beyond pro forma compliance with the treating physician rule and to obtain from the treating source expert opinions as to the nature and severity of the claimed disability." *Peed v. Sullivan,* 778 F. Supp. 1241, 1246 (E.D.N.Y.

---

[6] For claims filed on or after March 27, 2017, a new set of regulations apply. These new regulations do "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a).  But since Plaintiff filed her claim on July 21, 2016, the treating physician rule applies.  *See Claudio v. Berryhill,* 2018 WL 3455409 at *3 n.2 (D. Conn. July 18, 2018) ("Since [the plaintiff] filed her claim before March 27, 2017, I apply the treating physician rule under the earlier regulations.").

1991).  That is particular true in a case such as this, where the ALJ assigned little weight to the consultative psychiatric examiner's opinion and the non-examining state agency psychiatric consultant's opinion due to their inconsistencies with the overall medical record.  Tr. at p. 14.  The ALJ's assessment of Plaintiff's mental impairments and the associated functional limitations was thus made without the benefit of a professional medical opinion that he deemed reliable.

"Indeed, the plain text of the regulation does not appear to be conditional or hortatory: it states that the Commissioner 'will request a medical source statement' containing an opinion regarding the claimant's residual capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 33 (2d Cir. 2013) (summary order) (citing 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6)).   However, when the record "contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity," the failure to obtain medical source opinion evidence is not "*per se* error."  *Sanchez v. Colvin*, 2015 WL 736102, at *5 (S.D.N.Y. Feb. 20, 2015).  Stated differently, when the ALJ possesses an "extensive medical record," the lack of medical opinion evidence does not automatically create an obvious gap in the record that necessitate[s] remand." *Swiantek v. Comm'r of Soc. Sec.*, 588 Fed. Appx. 82, 84 (2d Cir. 2015) (summary order). Here, the ALJ acknowledged that he did not possess an extensive medical record of Plaintiff's mental impairments, but made no documented attempt to obtain a treating source opinion.  Tr. at p. 14.  This error requires remand.

It must be noted that in finding that Dr. Fernandez's records present a reasonable possibility that the ALJ may alter his disability determination, this Court is not finding that Dr. Fernandez's notes *require* a determination that Plaintiff is entitled to child's disability insurance benefits.  Likewise, this Court is not finding that the ALJ must solicit a treating source opinion on remand, if the entire medical record, that now includes treating psychologist Dr. Fernandez's notes, provide substantial evidence to support the RFC determination.  The ALJ is responsible for reviewing all the medical and other evidence before him, resolving any inconsistencies therein, and making a determination consistent with the evidence as a whole.  *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *accord Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014).

Plaintiff further argues that the ALJ's failure to develop the record was particularly egregious in this case, because it involved a *pro se* plaintiff who was unable to attend an in-person hearing due to her anxiety issues. Dkt. No. 11 at pp. 10-12.  This argument is not persuasive, because there is no indication that the Commissioner violated Plaintiff's right to counsel or that Plaintiff's decisions to proceed *pro se* and to waive her appearance at a hearing were anything but knowing and voluntary.

Although a claimant does not have a constitutional right to counsel at a Social Security disability hearing, she does have a statutory and regulatory right to be

represented should she choose to obtain counsel.   42 U.S.C. § 406; 20 C.F.R. § 404.1705. The applicable statute and regulations state that, when notifying a claimant of an adverse determination, the Commissioner of Social Security must "notify [the] claimant in writing" of (1) her "options for obtaining [an] attorney[ ] to represent [her]" at her hearing, and (2) "the availability. . . of . . . organizations which provide legal services free of charge" to "qualifying claimants." 42 U.S.C. §§ 406(c), 1383(d)(2)(D); *see also* 20 C.F.R. § 404.1706; *see also Drake v. Comm'r of Soc. Sec.*, 2010 WL 11526780, at *4-5 (N.D.N.Y. Dec. 20, 2010).   If properly informed of this right, a claimant may waive it.   *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507-508 (2d Cir. 2009).

Similarly, Social Security claimants are entitled to "reasonable notice and opportunity for a hearing" with respect to the Commissioner's decision.   42 U.S.C. § 405(b); 20 C.F.R. § 416.1450(a).   A claimant may forfeit their right to a hearing by making a knowing and voluntary waiver.   *See* 20 C.F.R. § 416.1450(b).   Invalid waivers warrant remand for a new hearing only if the plaintiff suffered prejudice.   *See Morales v. Colvin*, 2016 WL 3033723, at *6 (E.D.N.Y. May 26, 2016); *Francisco v. Barnhart*, 2003 WL 548870, at *2 (S.D.N.Y. Feb. 25, 2003).

In this case, the Commissioner advised Plaintiff of her right to an attorney or other representative and included a list of organizations that provide low or no cost legal services to qualified individuals.   Tr. at pp. 371-379.   The Commissioner also advised Plaintiff of her right to attend her hearing.   Tr. at pp. 356, 387.   Indeed, the record

18

contains the waiver form that Plaintiff executed on November 20, 2016.  On that form, Plaintiff indicated that "[a]lthough her right to a personal appearance before an Administrative Law Judge has been explained to me, I do not want to appear in person. I want to have my case decided on the written evidence."  Tr. at p. 364.  Plaintiff also indicated that she understood "that I have a right to be represented and that if I need representation, the Social Security office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative." *Id*.  Plaintiff has not alleged that she failed to understand these written statements or was otherwise coerced into signing the waiver.  This Court is satisfied that there are no additional grounds for remand due to Plaintiff's decision to represent herself or to waive her attendance at the administrative hearing.[7]

### C.  The Court Will Not Address the Substance of the ALJ's September 25, 2018 Decision

Because the Court is remanding for proper consideration of Dr. Fernandez's treatment notes and proper development of the record, the Court will not consider Plaintiff's additional arguments regarding the ALJ's RFC analysis and Step Five determination, because those decisions will necessarily be revisited upon remand.  *See*, *e.g.*, *Emily B. v. Comm'r of Soc. Sec.*, 2020 WL 2404762, at *11 (N.D.N.Y. May 12,

---

[7]  Plaintiff's requested relief includes a request that the Court determine that she is entitled to benefits.  Dkt. No. 11 at p. 12.  Such relief is not available at this stage of the proceeding.  "When there are gaps in the administrative record or the ALJ has applied an improper legal standard . . . remand to the Secretary for further development of the evidence" is generally appropriate.  *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  This court cannot conclude that "substantial evidence on the record as a whole indicates that the [plaintiff] is disabled[,]" and thus, I cannot recommend a remand solely for the determination of benefits.  *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

2020) (declining to address specific challenges to RFC and Step Five determination while remanding for consideration of newly submitted medical opinion evidence); *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court had already determined that the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing). Because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach the other issues raised by Plaintiff.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED,** that the decision of the Commissioner denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED** for further proceedings pursuant to sentence four of section 405(g) as set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 2, 2021
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge